```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


SCHILITA PYLES,                )
                               )
                Plaintiff,     )
                               )
vs.                            )    Case No. 03-1229-WEB
                               )
MICHAEL J. ASTRUE,[1]          )
Commissioner of                )
Social Security,               )
                               )
                Defendant.     )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  <u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  <u>Glenn</u>, 21 F.3d at 984.

The Social Security Act provides that an individual shall be

determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.   42 U.S.C. § 423(d).

   The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does

not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On March 12, 2003, administrative law judge (ALJ) Melvin

Werner issued a decision denying plaintiff disability insurance benefits, finding that plaintiff could perform past relevant work (R. at 318-325). Following denial of a request for review by the Appeals Council, plaintiff filed a complaint with this court on July 2, 2003 (Doc. 1) seeking judicial review of the agency action. On December 19, 2003, the defendant filed a motion seeking a sentence six remand for further consideration of the evidence (Doc. 8-9). On January 16, 2004, the court remanded this matter pursuant to sentence six of 42 U.S.C. § 495(g) for further consideration of the evidence (Doc. 10).

On November 15, 2004, ALJ Werner issued his 2nd decision. Plaintiff alleged that she was disabled for a closed period from March 15, 2004 through June 2004 (R. at 308, 309). At step one, the ALJ determined that plaintiff had not been engaged in substantial gainful employment during the period in question (R. at 309-310). At step two, the ALJ found that plaintiff had severe impairments of a connective disorder (most probably fibromyalgia or sarcoiditis), bilateral carpal tunnel and blood disorder (R. at 311). At step three, the ALJ concluded that plaintiff's impairments did not meet or equal a listed impairment (R. at 311). After establishing plaintiff's RFC, the ALJ found at step four that plaintiff could perform past relevant work as a receptionist. Therefore, the ALJ concluded that plaintiff was not disabled (R. at 313). On August 8, 2006, the Appeals Council

declined to assume jurisdiction, finding that the decision of the ALJ was supported by substantial evidence (R. at 298). Plaintiff seeks judicial review of the 2nd ALJ decision.

**III.  Did the ALJ err in his RFC findings and evaluation of the opinions of treating physicians?**

The ALJ's RFC findings are as follows:

> After considering all of these statements the undersigned finds the claimant retains the following residual functional capacity: frequently lift and carry five pounds, occasionally lift and carry 10 pounds, stand/walk 20 to 30 minutes at a time for two to three hours total in a day, sit for 50 to 60 minutes at a time for a total of six hours a day and have the ability to alternate between sitting or standing every 20 to 30 minutes. Also the claimant can only occasionally bend, stoop, squat, kneel or crawl and should never climb. The claimant cannot be exposed to work involving vibrations or heights and should have exposure to extreme cold, dust or smoke.

(R. at 313).

According to SSR 96-8p the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why

6

the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.  Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan.

2003).

One of plaintiff's treating physicians, Dr. Anderson, completed a medical source statement-physical on February 26, 2002 (R. at 249-250), and a second medical source statement-physical on November 1, 2002 (R. at 256-257).  Dr. Anderson also wrote a letter dated May 22, 2002 indicating that plaintiff's fatigue would be "a major problem for her with regards to work" (R. at 251).  The ALJ did not set forth in his decision many of the limitations expressed by Dr. Anderson, and the ALJ was silent on what weight, if any, he accorded Dr. Anderson's opinions when making his RFC findings (R. at 312-313).

Likewise, another treating physician, Dr. Brown, filled out a medical source statement-physical on August 26, 2004 (R. at 400-401).  The ALJ mentioned this statement by Dr. Brown, but failed to indicate any of the contents of that statement, and again was silent on what weight, if any, he accorded Dr. Brown's opinions when making his RFC findings (R. at 313).

A comparison of the RFC opinions of Drs. Anderson and Brown with the RFC findings of the ALJ demonstrates that the ALJ did not adopt many of the opinions of these two treating physicians.  Both Dr. Brown and Dr. Anderson found that, as for postural limitations, plaintiff could never climb, balance, kneel, crouch or crawl.  Dr. Anderson found that plaintiff could never stoop, while Dr. Brown found that plaintiff could occasionally stoop (R.

at 250, 257, 401). However, without explanation, the ALJ stated in his decision that plaintiff could occasionally bend, stoop, squat, kneel or crawl,[2] contrary to the opinions of both treating physicians for most of the postural limitations, and contrary to the opinion of Dr. Anderson in regards to plaintiff's ability to stoop.

A third treating physician, Dr. Jahnke, opined in July 2001 that plaintiff should engage in no repetitive movement and no repetitive hand use (R. at 191, 209). Although this limitation was mentioned by the ALJ (R. at 312), the ALJ, without explanation, did not include this limitation in plaintiff's RFC. According to the ALJ, Dr. Anderson advised on February 26, 2002 that plaintiff's work not involve fingering, handling, reaching or foot controls (R. at 312). Dr. Anderson's medical source statement-physical on that date states that plaintiff has limited or no ability to use foot controls, but also states that plaintiff can frequently handle, reach and finger. In a note to the right of these findings, Dr. Anderson did state that "sarcoid not affecting this but previous CTS [carpal tunnel syndrome] might" (R. at 250). It is not clear if the ALJ interpreted this note as indicating that plaintiff cannot engage in fingering, handling and reaching, or if there is some other evidence in the

---

[2]In his hypothetical question to the vocational expert, the ALJ found that plaintiff could occasionally bend, stoop, kneel, crouch and crawl (R. at 441).

record which the ALJ is relying on in making the statement that Dr. Anderson found that plaintiff cannot engage in fingering, handling, and reaching, or if the ALJ simply misstated Dr. Anderson's opinions.  Again, the ALJ failed to explain why these limitations, which he mentioned in his decision, were not included in his RFC findings.

The ALJ, in setting forth his RFC findings, provided no explanation of the basis for his findings, other than to state that he considered all of the statements by treatment providers before making his RFC findings (R. at 313).  The ALJ summarized the medical evidence, and then made his RFC findings.  The ALJ provided no narrative discussion of how the evidence supported his RFC findings, and in many particulars his RFC findings do not match the opinions of treatment providers.  In the case of <u>Kency v. Barnhart</u>, Case No. 03-1190-MLB (D. Kan. Nov. 16, 2004), the court held as follows:

> ...the ALJ simply listed all the evidence contained in the record and then set forth his conclusion without explaining the inconsistencies and ambiguities contained in the opinions. He did not connect the dots, so to speak, as is required by S.S.R. 96-8p. It may well be that upon remand, the ALJ will reach the same conclusion. Nevertheless, S.S.R. 96-8p is defendant's requirement and ALJs presumably are the experts whose responsibility it is to know and follow defendant's requirements...
>
> Most important, the ALJ must explain how the decision was reached. When an ALJ merely summarizes the facts, notes that he has

> considered all of the facts, and then
> announces his decision, there is nothing for
> the court to review. The court cannot know
> how the ALJ analyzed the evidence. When the
> evidence is contradictory or ambiguous, as it
> is in most cases, the court cannot know which
> evidence was given what weight, or how the
> ambiguities were resolved. Therefore, to
> determine whether substantial evidence
> supports the conclusion, the court would have
> to reweigh the evidence. Since that option is
> precluded by law, the court can only remand
> to the defendant for a proper explanation of
> how the evidence was weighed and ambiguities
> resolved.

Kency, (D. Kan. Nov. 16, 2004, Doc. 21 at 7, 9); see also Wolfe v. Barnhart, Case No. 05-1028-JTM (Doc. 25 at 3, July 25, 2006)("It is insufficient for the ALJ to generally discuss the evidence but fail to relate the evidence to his conclusions").

It is clear from the evidence in this case that the ALJ clearly failed to comply with the requirements of SSR 96-8p. Defendant argues that plaintiff's inability to balance, stoop, kneel, crouch and crawl, according to Drs. Anderson and/or Brown, is not significant to the ALJ's determination that plaintiff can perform past relevant work as a receptionist because that position does not require that a person be able to balance, stoop, kneel, crouch or crawl.  As noted by the vocational expert, a receptionist is listed in the Dictionary of Occupational Titles (DOT) under code 237.367-038 (R. at 376-377). In making disability determinations, Social Security relies primarily on the DOT for information about the requirements of

11

work in the national economy.  Occupational evidence provided by a vocational expert should generally be consistent with the occupational information provided by the DOT, including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO).  SSR 00-4p, 2000 WL 1898704 at *2, 1.  The SCO indicates that the position of receptionist does not require the ability to balance, stoop, kneel, crouch or crawl.  SCO at 336.

However, the position of receptionist requires the frequent ability to reach and handle and the occasional ability to finger. SCO at 336.  As noted above, Dr. Jahnke opined that plaintiff engage in no repetitive hand movement and no repetitive hand use. Furthermore, the ALJ stated that Dr. Anderson opined that plaintiff not engage in fingering, handling, or reaching.  The impact of these limitations on plaintiff's ability to work as a receptionist is not clear, and the ALJ offered no explanation for not including them in his RFC findings.  Therefore, until the ALJ complies with the requirements of SSR 96-8p, the court cannot determine if plaintiff is able to perform work as a receptionist.

There is one other problem presented in the ALJ's conclusion that plaintiff can perform past work as a receptionist.  In the ALJ's hypothetical to the VE, the ALJ added a limitation of "sit to stand at 40 to 50 minute intervals, stand to sit at 15 to 20 minute intervals" and then asked if that would exclude any of

plaintiff's prior occupations (R. at 442).  The VE responded that it would be "really hard [INAUDIBLE] the receptionist depending on what type of equipment you use" and that it would be hard to do the work as a receptionist without an accommodation because all the equipment is at desk level (R. at 442-443).  The VE concluded by testifying that with these additional limitations, only work as a telephone solicitor would remain (R. at 443).[3]

In his decision, the ALJ included in his RFC for the plaintiff that she have the ability to alternate between sitting or standing every 20 to 30 minutes (R. at 313).  Although not identical to the hypothetical given to the VE (sit to stand at 40-50 minute intervals and stand to sit at 15-20 minute intervals), the RFC findings and the hypothetical question on alternating standing and sitting are similar.  The court finds that the testimony of the VE creates serious questions about the ability of the plaintiff to perform the work of a receptionist with her need to alternate sitting and standing every 20-30 minutes.  As the VE testified, much of the equipment of a receptionist is at desk level, and the VE eliminated the job of a receptionist with the added limitation of a need to alternate between sitting and standing.  For this reason, the court finds that substantial evidence does not support the finding of the ALJ

---

[3]The ALJ did not identify the job as a telephone solicitor as past relevant work that plaintiff could still perform given her RFC (R. at 313).

13

that plaintiff can perform past relevant work as a receptionist.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on May 1, 2007.

> s/John Thomas Reid
> JOHN THOMAS REID
> United States Magistrate Judge